```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 13-60483-CIV-GAYLES
                         MAGISTRATE JUDGE P.A. WHITE

MAXIMO GORDON,                    :

       Plaintiff,                 :

v.                                :     REPORT OF
                                         MAGISTRATE JUDGE
DETECTIVE GARY AMUNDSON,          :
et al.,
                                  :
       Defendants.
_____:
```

Introduction

Plaintiff Maximo Gordon has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, seeking a declaratory judgment and monetary damages for alleged violations of his constitutional rights. The cause is before the court on Defendants Amundson's and Hyatt's motion for summary judgment, DE#29. Plaintiff is proceeding *in forma pauperis*.

Procedural History and Background

Plaintiff's Complaint in this matter alleges violations of his First, Fourth, Fifth and Fourteenth Amendment rights by county officials. As defendants, Plaintiff named Detective Gary Amundson and Sergeant Ryan Hyatt of the Broward County Sheriff's Office, the Broward County Sheriff's Office, and a John Doe police chief for the Broward County Sheriff's Office. The gravamen of Plaintiff's claim is that Defendants Amundson and Hyatt falsely arrested him in retaliation for Plaintiff filming and threatening to report their alleged police misconduct, and that Defendants used excessive force during the arrest. Plaintiff further alleges that the Broward County Sheriff's Office generally engages in police misconduct, and

that the police chief has failed to train and/or intervene in that misconduct.

Upon initial screening, the undersigned recommended that Plaintiff's claims of retaliation and excessive force proceed against Defendants Amundson and Hyatt, but that his remaining claims against them should be dismissed. DE#7.[1] The undersigned further recommended that the Broward County Sheriff's Office be dismissed as a defendant for Plaintiff's failure to state a claim against it, and that Plaintiff be permitted to amend his claim against the police chief. The district judge adopted that report and recommendation, dismissing the case in part, and dismissing the Broward County Sheriff's Office as a defendant. DE#8. The district judge subsequently dismissed the police chief, due to Plaintiff's failure to amend his claim against the police chief within the time alloted. DE#9. Defendants Amundson and Hyatt subsequently filed a motion to dismiss the claim of retaliation, which was granted. DE## 18, 19 & 23.

The case proceeded, Defendants Amundson and Hyatt answered, and then filed a joint motion for summary judgment. DE##24 & 29; see also DE##30 & 31. Plaintiff filed his response, and Defendants have filed their reply. DE##36, 37, 38 & 41. Defendants motion for summary judgment is thus ripe for disposition.

<u>Standard of Review</u>

A motion for summary should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." <u>Fed.R.Civ.P.</u> 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Greenberg v. Bell-South</u>

---

[1] As set forth in the undersigned's report upon initial screening, Plaintiff alleged a number of additional claims that failed for various reasons. DE#7.

Telecomm., Inc., 498 F.3d 1258, 1263 (11th Cir. 2007)(*per curiam*); Fed.R.Civ.P. 56©.  In accordance with Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion, and identifying those portions of the record, including pleadings, discovery material, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323.

Where the movant seeks summary judgment on the basis that the non-moving party cannot meet its burden of persuasion at trial, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case" will mandate the entry of summary judgment against that party.  Celotex, 477 U.S. at 322-23; Barnes v. Southwest Forest Industries, Inc., 814 F.2d 607, 609 (11th Cir. 1987).  Conversely, where the movant seeks summary judgment on the basis of an affirmative defense, it must conclusively establish all essential elements of that defense.  See Celotex, 477 U.S. at 331 (party bearing burden of persuasion at trial may prevail on a motion for summary judgment when it has produced credible evidence that would entitle it to a directed verdict if not controverted at trial); Thorsteinsson v. M/V DRANGUR, 891 F.2d 1547, 1551 (11th Cir. 1990).

If a party seeking summary judgment meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the non-moving party to rebut this showing.  Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir.), cert. den'd, 502 U.S. 1048, 112 S.Ct. 913, 116 L.Ed.2d 813 (1992); see also Celotex, 477 U.S. at 324, 331-32.  This demonstration need not be accompanied by affidavits.  Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11th Cir. 1990).  However, the non-moving party cannot rely solely on the complaint and other initial pleadings to meet its burden, but must establish through evidentiary materials that there are material issues of fact which require a trial.

Fed.R.Civ.P. 56(c); Celotex, 477 U.S. at 324.  If the evidence relied upon by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11th Cir. 1992). A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative is not enough to defeat a properly supported motion for summary judgment. See Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376 (11th Cir. 1996); Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990)(*citing* Anderson v. Liberty Lobby, Inc., 477 U.S. at 252).

For summary judgment purposes, only disputes involving material facts are relevant. United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case. Anderson v. Liberty Lobby, Inc., 477 U.S. at 248; Lofton v. Secretary of the Department of Children and Family Services, 358 F.3d 804, 809 (11th Cir. 2004)("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003)(citation omitted).  To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

4

At this stage of the case, the evidence and all reasonable inferences from that evidence are viewed in the light most favorable to the nonmovant, but those inferences are drawn "only 'to the extent supportable by the record.'" Penley v. Eslinger, 605 F.3d 843, 848 (11th Cir. 2010)(quoting Scott v. Harris, 550 U.S. 372, 381 n.8, 127 S.Ct. 1769, 1776 n.8, 167 L.Ed.2d 686 (2007)). Although factual inferences must be viewed in a light most favorable to the nonmoving party, the non-moving party has the burden of establishing by sufficient evidence a genuine issue of material fact. Beard v. Banks, 548 U.S. 521, 525 (2006). Conclusory allegations based on subjective beliefs are thus insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. Waddell v. Valley Forge Dental Associates, Inc., 276 F.3d 1275, 1279 (11th Cir. 2001); Holifield v. Reno, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997); Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995)(grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations...."); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984)("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment....").

## Undisputed Facts[2]

Plaintiff was arrested on October 2, 2009, and charged with various crimes. See generally DE#31, Exhs.2-4; see also DE#1. Relevant to the instant action, Plaintiff was charged with aggravated fleeing or eluding a law enforcement officer, in violation of Florida Statute § 316.1935. See DE#1; DE#31, Exhs.2-

---

[2]This section recites in large part what was alleged as the factual basis for Plaintiff's criminal conviction under Florida law. The court thus states for the sake of clarity that it is not concluding that it is undisputed fact that Plaintiff actually committed those acts. What the court is concluding, rather, is that it is undisputed that Plaintiff was convicted on the basis of those alleged acts. This is a subtle distinction, but as will become apparent *infra*, the dispositive one for purposes of this motion.

5

4; Gordon v. State, 103 So.2d 231 (Fla. 4th DCA 2013). The fleeing and eluding charge was premised upon the allegation that Plaintiff fled from police units during an attempted traffic stop. DE#31, Exhs.3, 4. More specifically, the Complaint Affidavit and Broward Sheriff's Office Event Report stated that officers attempted to stop Plaintiff after he was allegedly observed operating an A.T.V. in a reckless manner along portions of South Dixie Highway, and also along portions of railroad tracks running parallel to the highway that had posted "No Trespassing" signs. Id. According to the affidavit and report, Plaintiff fled from a police unit that had its lights and sirens activated, changed his direction of travel numerous times, engaged in evasive maneuvers, and refused to stop his vehicle. Id. The affidavit and report also stated that one of officers gave Plaintiff several commands over a P.A. system for Plaintiff to stop his vehicle and also gave Plaintiff hand signals to pull his vehicle over, but that Plaintiff replied by sticking his middle finger up and continuing to flee. Id. Allegedly, Plaintiff's vehicle eventually struck a pole, and Plaintiff then allegedly attempted to flee on foot. Id. The affidavit and report further stated that the officers then continued to pursue Plaintiff, yelling loud verbal commands for him to stop, and to get on the ground because he was under arrest. Id. Plaintiff allegedly refused all of these commands, but then allegedly stopped and turned toward Defendant Amundson in an aggressive manner while yelling obscenities. Id. Defendant Amundson then deployed two taser cycles, after which Plaintiff fell to his stomach and finally complied with commands to place his hands behind his back. Id.[3]

---

[3]The event report stated that, after the first taser was deployed, Plaintiff attempted to get up after falling to the ground, at which point he was allegedly ordered to get on his stomach and place his hands behind his back. DE#31, Exh.4. According to the report, Plaintiff continued to try to get up, at which point the second taser was utilized. Id.

6

Plaintiff was convicted of aggravated fleeing or eluding following a jury trial. DE#31, Exh.2; Gordon, 103 So.2d at 232. His conviction and sentence were affirmed on appeal, and remanded with instructions that the trial court correct a scrivener's error in the judgment. Gordon, 103 So.2d at 232.

### Discussion

Defendants first basis for summary judgment is that Plaintiff's excessive force claim is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994). As set forth in further detail *infra*, Heck generally bars § 1983 civil rights suits if a judgment in favor of the Plaintiff would necessarily imply the invalidity of an underlying criminal conviction or sentence that had not been reversed, expunged, or otherwise declared invalid. See 512 U.S. at 486-87. Pursuant to Heck, a "[c]laim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. at 487. The question of whether a case states a viable § 1983 claim in light of Heck is thus a threshold issue of law for the court in the first instance. See Id. (stating that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the plaintiff's] conviction or sentence; if it would, the complaint must be dismissed").

Defendants argue that Plaintiff's excessive force claim is Heck-barred because it is framed within the complaint as pre-arrest conduct. DE#29, p.1. Specifically, Defendants argue that, in Wells v. Cramer, 158 F. App'x 203 (11th Cir. 2005), the Eleventh Circuit limited the excessive force claims of convicted plaintiffs to post-arrest/handcuffing applications of force. Id. According to Defendants, because the force which Plaintiff alleges to have been excessive occurred prior to Plaintiff's arrest and handcuffing for offenses of which he was convicted, his claim is "therefore

barred by Heck as interpreted by the Eleventh Circuit." Id. This argument is frivolous, and utter nonsense.

First, Wells is an unpublished opinion. As such, it is not binding precedent. See United States v. Rodriguez, 751 F.3d 1244, 1251 n.5 (11th Cir. 2014)(citations omitted). Unpublished opinions may, of course, be cited as persuasive authority. Id. However, they are persuasive "only insofar as their legal analysis warrants." Bonilla v. Baker Concrete Const., Inc., 487 F.3d 1340, 1345 n. 7 (11th Cir. 2007). Here, there is nothing whatsoever in Wells that makes it persuasive for the proposition that the Eleventh Circuit intended to create a simplistic, temporal guideline for the application of Heck bars in excessive force cases.[4] To the contrary, in Wells the Eleventh Circuit relied on Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996), for the proposition that "[a] plaintiff may prevail on a claim for excessive force without necessarily implying the invalidity of the underlying conviction for the offense giving rise to the excessive force." Wells, 158 F. App'x at 204.[5] Moreover, the weight of authority holds that excessive force claims may be predicted upon pre-arrest conduct without being Heck-barred, including binding post-Wells authority from the Eleventh Circuit, which defendants

---

[4] The plaintiff in Wells alleged claims of conspiracy and excessive force, which the district court dismissed pursuant to Heck. The plaintiff conceded that a judgment in his favor on the conspiracy claim would necessarily implicate the validity of several state convictions in his case. The plaintiff's excessive force claim, however, was premised upon allegations that the defendant officers assaulted him once he was lying face down and handcuffed. The court thus concluded that, to the extent that the plaintiff's complaint alleged an excessive use of force after he was arrested and posed no threat, his § 1983 action, if successful, would not necessarily implicate the validity of his underlying convictions. As such, the question of whether pre-arrest conduct by officers could form the basis of an excessive force claim was not even before the court in Wells.

[5] In their reply, Defendants characterize Towery as an "old" case, and then state in conclusory fashion that, under Wells, Heck bars pre-arrest excessive force claims. DE#38, p.4. Defendants wholly fail to explain why, if the Eleventh Circuit intended to create a rule contrary to Towery, they would have cited it.

fail to disclose or even cite. See Dyer v. Lee, 488 F.3d 876, 881 (11th Cir. 2007)(collecting cases);[6] see also Willingham v. Loughnan, 261 F.3d 1178 (11th Cir. 2001), *cert. granted and vacted on other grounds*, 537 U.S. 801, 123 S.Ct. 68, 154 L.Ed.2d 2 (2002).

The fact that pre-arrest excessive force claims are not *per se* barred by Heck does not, of course, mean that the Heck bar might not apply. Thore v. Howe, 466 F.3d 173, 180 (1st Cir. 2006)("Just as it is true that a § 1983 excessive force claim after an assault conviction is not necessarily barred by Heck, it is also true that is is not necessarily free from Heck."). That is because the question of whether the Heck bar applies does not turn on when the incidents giving rise to the § 1983 claim occurred in time. See Dyer, 488 F.3d at 878-79 (*citing* Heck, 512 U.S. at 487). Rather, as previously stated, the Heck bar turns on the question of whether a successful § 1983 suit would necessarily imply the invalidity of the plaintiff's conviction or sentence. Id. Heck's requirement that there be a necessary logical connection between a successful § 1983 suit and the negation of the underlying conviction exists because the Supreme Court's concern in Heck was to prevent § 1983 being used as "an 'end run' around [the federal habeas corpus statute, and] the problem of two inconsistent judgments arising out of the same facts." Id. (*citing* Nelson v. Campbell, 541 U.S. 637, 647, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). Therefore, in order to determine whether a claim is barred by Heck, the Court "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." Hughes v. Lott, 350 F.3d 1157, 1160 n.2 (11th Cir. 2003); see also Heck, 512 U.S. at 487; Dyer, 488 F.3d at 879-80 (explaining that application

---

[6]Indeed, in Dyer, the Eleventh Circuit cited Wells for the proposition that a plaintiff may prevail on a claim of excessive force without necessarily implying the invalidity of the underlying conviction.

of Heck turns on whether "there would still exist a construction of the facts that would allow the underlying conviction to stand").

The Heck inquiry is thus necessarily a fact-intensive one, and must be conducted on a case-by-case basis. See Dyer, 488 F.3d at 883 (plaintiff's excessive force claim not Heck barred by plaintiff's conviction for resisting arrest with violence because, based on facts in record, a reasonable jury could find that not all of plaintiff's violent acts were justified as self-defense). It requires an analysis of whether there exists some set of facts under which a successful § 1983 suit and the criminal conviction can both stand. Id. at 879-80. Where a § 1983 plaintiff makes specific factual allegations that are inconsistent with the facts upon which his criminal convictions were based, Heck will bar the § 1983 claims. Id. at 883 n.9 (*citing* McCann v. Neilsen, 466 F.3d 619, 621 (7th Cir. 2006). Similarly, the facts upon which the § 1983 claims are predicated may be so interrelated with the facts underlying the criminal conviction, such that Heck will bar the civil rights claims. See Thore, 466 F.3d at 180 ("The excessive force claim and the conviction may be so interrelated factually as to bar the § 1983 claim."); see also Dyer, 488 F.3d at 880 (Heck bars claims that would create two inconsistent judgments arising out of the same facts).

Here, Plaintiff was convicted of aggravated fleeing or eluding in violation of Florida Statute 316.1935(1)(willfully fleeing and eluding a law enforcement officer after having knowledge of an order to stop).[7] That statute provides in relevant part:

---

[7] As set forth above and the record reflects, Plaintiff was originally charged with aggravated fleeing or eluding in violation of Florida Statute 316.1935(2)(willfully fleeing and eluding a marked law enforcement vehicle with sirens flashing). DE#31, Exhs.2-4; see also Gordon, 103 So.3d at 232. It is unclear from the record how or why the jury ultimately convicted Plaintiff under the first subsection of statute rather than the second, but that discrepancy is not relevant to the disposition of the instant action.

> (1) It is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance with such order, willfully to flee in an attempt to elude the officer, and a person who violates this subsection commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Fla. Stat. § 316.1935(1).

To prove the crime of Fleeing to Elude a Law Enforcement Officer under Florida law, the State must prove the following three elements beyond a reasonable doubt:

> 1. That the Defendant was operating a vehicle upon a street or highway in Florida.
>
> 2. That a duly authorized law enforcement officer ordered the defendant to stop or remain stopped.
>
> 3. That the Defendant, knowing he or she had been ordered to stop by a duly authorized law enforcement officer, either
>
>> a. willfully refused or failed to stop the vehicle in compliance with the order; or
>>
>> b. having stopped the vehicle, willfully fled in a vehicle in an attempt to elude the officer.

Florida Standard Jury Instruction (Criminal) 28.6 FLEEING TO ELUDE A LAW ENFORCEMENT OFFICER § 316.1935(1), Fla. Stat.

Plaintiff's excessive force claim, however, is premised upon factual allegations that are inconsistent with the facts upon which his criminal conviction is based, and inconsistent with what the jury must have found in order to convict him. Specifically, Plaintiff alleges that, on October 2, 2009, he was riding his A.T.V. in an open field adjacent to his house [DE#1, ¶20]. Plaintiff alleges that, when he reached the end of the field, he

dismounted the A.T.V., and walked it across Dixie Highway.  Id. at ¶21.  Plaintiff further alleges that he then proceeded to sport ride his A.T.V. in a second field on the other side of Dixie Highway, observing all applicable rules of the sport all of the time.  Id.  According to Plaintiff, the Defendants boxed him in with their police vehicles while he was sport riding his A.T.V., jumped out, and suddenly shot him twice with a taser gun without warning.  Id. at ¶¶ 22-24.

   The problem with Plaintiff's excessive force claim is thus that, if successful, it would necessarily imply the invalidity of his conviction for aggravated fleeing or eluding under Florida law.  See Dyer, 488 F.3d at 883 n.9 (citation omitted)(§ 1983 claim will be barred if based on specific factual allegations that are inconsistent with facts upon which a criminal conviction is based).  Under Plaintiff's theory of the case, there no "construction of the facts that would allow the underlying criminal conviction to stand."  See Id. at 880.  Specifically, Plaintiff's theory of the case is that the force deployed was excessive because he walked his A.T.V. across Dixie Highway and was innocently joyriding in an open field, when the officers suddenly and without warning boxed him in and deployed two taser cycles.  Plaintiff thus effectively denies the conduct that was alleged as the basis for his criminal charges, and of which he was convicted.  Stated another way, here there is a necessary logical connection between a successful § 1983 suit on Plaintiff's excessive force claim and the negation of his underlying conviction for aggravated fleeing and eluding.  See Id. at 880 (citation omitted).  As such, a successful suit by the Plaintiff in this case would raise the specter of an "end-run" around the federal habeas statute, and create the problem of two

inconsistent judgments arising out of the same facts.[8]  Id. at 880.  And as set forth above, these are precisely the concerns that the Heck bar operates to address.  Id.; see also Christy v. Sheriff of Palm Beach County, Fla., 288 F. App'x 658, 666 (11th Cir. 2008)(affirming Heck dismissal because factual contentions for plaintiff's § 1983 claims, if proven, would imply the invalidity of plaintiff's conviction); Baxter v. Crawford, 233 F. App'x 912, 916 (11th Cir. 2007)(affirming Heck dismissal because claims related to conduct for which plaintiff was convicted, and the factual basis for claims directly impugned conviction on specific count); VanGilder v. Baker, 435 F.3d 689, 692 (7th Cir. 2006)(excessive force claim not barred by Heck where plaintiff did not collaterally attack his conviction, deny that he resisted officer's order, or challenge the factual basis presented at his change of plea hearing); Cunningham v. Gates, 312 F.3d 1148, 1154 (9th Cir. 2002)(excessive force claim barred by Heck where complaint disputed several factual issues that state jury had resolved against plaintiff, including that plaintiff has not provoked deadly firestorm with police; any civil claim that plaintiff was not the provocateur necessarily failed as a result of state criminal jury verdict convicting plaintiff of felony murder); Daigre v. City of Waveland, 549 F. App'x 283, 286-87 (5th Cir. 2013)(excessive force claim barred by Heck where plaintiff's factual allegations were not separable from facts underlying plaintiff's criminal conviction, and necessarily challenged the validity of that conviction);

---

[8]The Eleventh Circuit has held the use of tasers does not constitute excessive force under facts similar to those alleged as the basis for Plaintiff's criminal conviction in the state proceedings here. See Draper v. Reynolds, 369 F.3d 1270 (11th Cir. 2004)(use of taser to effectuate arrest of motorist was reasonably proportionate and did not constitute excessive force because motorist repeatedly refused to comply with verbal commands).  As such, the only way that Plaintiff could prevail as a matter of law in this case would be if the jury believed his version of the events which, as set forth above, would be necessarily inconsistent with what the jury must have found to convict him of the criminal charges in his state proceedings.

Whatley v. Coffin, 496 F. App'x 414, 417 (5th Cir. 2012)(excessive force claim barred by Heck where complaint alleged that officers began shooting at plaintiff without provocation, warning, or identifying themselves law enforcement officers; "accepting the version of events alleged by [plaintiff], his § 1983 claims were necessarily inconsistent with his [criminal] convictions"); Hopkins v. Lowndes County Sheriff Dept., 2014 WL 3799329, *3-4 (N.D. Miss., Aug. 1, 2014)(plaintiff's excessive force claims barred by Heck where basis for plaintiff's claims and her arrest related to a single interaction, and plaintiff claimed that she did not initiate any physical contact with defendant to provoke alleged attack); Shaw v. Terrill, 2014 WL 1775616, *4 (N.D. Fla., May 1, 2014)("because Plaintiff alleges that the excessive force was unprovoked and his version of the facts, if proven true, would necessarily imply the invalidity of his conviction, his suit is barred by Heck"); Harvey v. Teal, 2010 WL 427434, *3 (N.D.Fla., Jan. 31, 2010)(dismissing prisoner's § 1983 claim for excessive force under Heck because asserted factual basis of claim was inconsistent with valid disciplinary conviction).

## Conclusion

Based upon the foregoing, it is recommended that Defendants' motion for summary judgment, DE#29, be GRANTED and that, accordingly, Plaintiff's excessive force claim be dismissed as barred by Heck.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 30th day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   Maximo Gordon, pro se
      DC#190003
      Everglades Correctional Institution
      1599 S.W. 187th Ave.
      Miami, FL 33194

      Robert D. Yates, Esq.
      Robert D. Yates, P.A.
      208 S.E. 6th Street
      Ft. Lauderdale, FL 33301
```